IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MCI WORLDCOM NETWORK SERVICES, INC., a Delaware corporation, ))) | |
| Plaintiff, )) | |
| v. ) | Case No. 04-CIV-840P(C) |
| ) | |
| USCARRIER TELECOM, LLC, a Georgia limited liability company, ))) | |
| Defendant. ) | |

## ORDER

Now before the Court is Defendant's Motion to Transfer Venue, Plaintiff's Response in opposition, and Defendant's Reply. Defendant seeks to transfer this case to the United States District Court for the Northern District of Georgia, on grounds that venue is improper or, in the alternative, inconvenient in the Northern District of Oklahoma. For the reasons set forth below, Defendant's Motion is DENIED.

## DISCUSSION

### I.   This Court may exercise personal jurisdiction over the Defendant.

The parties to this action negotiated and signed a Telecommunications Services Agreement (TSA), which provides in pertinent part that:

> [a]ny legal action or proceeding with respect to this Agreement may be brought in the Courts of the State of Oklahoma in and for the County of Tulsa or the United States of America for the Northern District of Oklahoma. By execution of this Agreement, both [USCarrier] and MCI WorldCom hereby submit to such jurisdiction . . . .

It is well settled that contractual stipulations to jurisdiction such as this one are enforceable. *See* Burger King Corp. V. Rudzewicz, 471 U.S. 462, 472 n.14 (1985). Further, if Defendant here intended to dispute this Court's exercise of personal jurisdiction, it should have done so in a pre-answer motion to dismiss or

1

in the answer itself.  *See* Tesh v. U.S. Postal Svc., 215 F. Supp. 2d 1220, 1226 (N.D. Okla. 2002). Instead, Defendant expressly admitted jurisdiction in this Court in its Answer and in the Joint Status Report between these parties.  Defendant has also retained local counsel and participated in the defense of this action for almost one year.  Thus, Defendant has clearly waived its right to dispute this Court's exercise of personal jurisdiction.  Burger King, 471 U.S. at 474 n.14.

### II.     Venue is also proper.

#### A.     The forum selection clause is valid.

The forum selection clause cited above governs both jurisdiction and venue.  By consenting to this Court's jurisdiction, Defendant implicitly agreed to venue under 28 U.S.C. § 1391(a)(3) (stating that venue is appropriate in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced").  Because personal jurisdiction has been established, Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1631 is denied.  Defendant's arguments to the contrary – which comprise the vast majority of its Motion – are simply not well founded.

Indeed, courts give a forum selection clause controlling weight in all but the most exceptional cases.  *See* M/S Bremen v. Zapata Offshore Co., 407 U.S. 1, 10 (1972); Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 957 (10th Cir. 1992).  The burden to overcome a forum selection clause is great.  M/S Bremen, 407 U.S. at 17. This is particularly true where, as here, the parties are sophisticated business entities and have equal bargaining power.  Id. at 12; *see also* Taylor v. Titan Midwest Constr. Corp., 474 F. Supp. 145, 149 (N.D. Tex. 1979).

#### B.     Venue is appropriate under 28 U.S.C. § 1391(a).

In addition to finding the forum selection clause valid and enforceable, the Court finds venue to be proper in this case under 28 U.S.C. § 1391(a)(2) (stating that venue is appropriate where "a substantial part of the events or omissions giving rise to the claim occurred").  The TSA governing the relationship

between these parties recites that MCI WorldCom's principal office is located in Tulsa. All notices, correspondence, and payments related to this relationship were to be directed by USCarrier to MCI WorldCom's Tulsa office, pursuant to the terms of the TSA. The TSA further recites that Oklahoma law governs the contract. These facts are sufficient to render venue proper.

Moreover, Defendant does not deny these facts, but simply argues that maintenance of suit in Oklahoma would be inconvenient and unfair. (Def. Mtn. at 16.) The Court notes, however, that "[b]y virtue of the forum-selection clause, [USCarrier] has waived the right to assert its own inconvenience as a reason to transfer the case." Heller Financial Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989).

### C. This forum is neither inconvenient nor unreasonable.

Further, while the Court recognizes its broad discretion to transfer venue under 28 U.S.C. § 1404(a), the Court does not believe that circumstances here warrant transfer. First, the Court notes that Plaintiff's choice of forum is given "considerable weight." See Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). Second, the Court finds that the accessibility of witnesses and evidence, as well as the costs to the parties, would be roughly equal in either forum. See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). Third, because Oklahoma law applies under the TSA, there is some advantage to having this Court determine these questions. See id. Fourth, the Court considers the relative congestion of the courts at issue, which seems to favor, however slightly, the Northern District of Oklahoma. See Neff Athletic Lettering Co. v. Walters, 524 F. Supp. 268, 274 (S.D. Ohio 1981). At bottom, Defendant simply does not meet the burden of proof to justify a transfer of venue in this action. Rather, the Court believes that transferring venue here "would merely shift the inconvenience from one party to the other," in which instance "the motion for change of venue should be denied." ROC, Inc. v. Progress Drillers, Inc., 481 F. Supp. 147, 152 (W.D. Okla. 1979).

**CONCLUSION**

For the reasons stated above, the Court finds that personal jurisdiction and venue are appropriate in this case. Accordingly, Defendant USCarrier Telecom, LLC's Motion to Transfer Venue is DENIED.

IT IS SO ORDERED this 16th day of November 2005.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma